UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JONATHAN R. BURDICK,** | **CASE NO. 1:06CV2687** |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | |
| | **OPINION AND ORDER** |
| **ROBERT ANTHONY, et al.,** | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Separate Motion to Dismiss on Behalf of Defendant George T. Anthony (ECF DKT #5) and the Motion to Dismiss on Behalf of Defendants, Robert Anthony, Magazines of America, LLC and United Readers' Service, Inc. (ECF DKT #6). For the following reasons, the Separate Motion to Dismiss on Behalf of Defendant George T. Anthony is granted; but the Motion to Dismiss on behalf of the remaining Defendants is denied as to all but Counts Six and Seven of Plaintiff's Complaint.

**I. BACKGROUND**

Plaintiff, Jonathan R. Burdick ("Burdick") filed his *pro se* Complaint originally in Cuyahoga County Common Pleas Court; and the matter was removed on the basis of diversity on November 7, 2006. This case arises out of the termination of Burdick's employment with

Defendants, Magazines of America, LLC and United Readers' Service, Inc.  Defendant Robert Anthony is the president of both companies. His brother, Defendant George Anthony, is neither an officer nor an employee of either company.  Burdick served as the Web Administrator for both companies from March of 2003 until August 1, 2005.  Burdick contends he was wrongfully/constructively discharged, and alleges the following specific causes of action: 1) breach of express contract; 2) breach of implied contract; 3) breach of the covenant of good faith and fair dealing; 4) wrongful constructive discharge; 5) intentional infliction of emotional distress; 6) negligent infliction of emotional distress; and 7) fraud. Defendants filed their separate Motions to Dismiss on November 21, 2006; and, although the time for response has passed, Plaintiff Burdick has filed no opposition.

## II. LAW AND ANALYSIS

**Standard of Review**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint, and is designed to determine "whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F. 2d 434, 436 (6th Cir. 1988).  For purposes of the motion, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.  *Roth Steel Products v. Sharon Steel Co.*, 705 F. 2d 134, 155 (6th Cir. 1983).  In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.  *Conley v. Gibson*, 357 U.S.

41, 45-46 (1957).

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." The district court's power to grant motions to dismiss because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F. 3d 483, 492 (6th Cir. 2000). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.*

**Motion to Dismiss of Defendant George T. Anthony**

The Separate Motion to Dismiss on Behalf of Defendant George T. Anthony was filed on November 21, 2006, and remains unopposed as of today's date. A review of the Complaint indicates that George Anthony's name is rarely mentioned and the only claim alleged against him is in Count Four: "culpable due to negligent supervision." Under Ohio law, a negligent supervision cause of action requires the following elements: 1) the existence of an employment relationship; 2) the employee's incompetence; 3) the employer's actual or constructive knowledge of the incompetence; 4) injury resulting from the acts or omissions of the employee; and 5) employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries. *Evans v. Ohio State Univ.*, 112 Ohio App. 3d 724, 739 (1996).

Burdick never alleges George Anthony was an employer. In fact, Robert Anthony is described as the president of the companies and the one whose conduct gave rise to Burdick's

claims.  There are absolutely no allegations of George Anthony's supervisory authority over Robert, nor of any knowledge of supposed incompetence.

Reading the Complaint and construing every inference in favor of Burdick, there is no set of facts which can support a negligent supervision claim against Defendant George T. Anthony.  His separate motion to dismiss is, therefore, granted.

**Motion to Dismiss on behalf of the remaining Defendants**

The Motion to Dismiss on behalf of the remaining Defendants is also unopposed, although the response was due in late December.  Nevertheless,, a dismissal should be granted only where no set of facts could support Plaintiff's claims.

In Count One, Burdick alleges breach of an express contract of employment.  Defendants argue that he was an employee at will.  As an exhibit to his Complaint, Burdick submits a letter from Defendant Robert Anthony and agreed to by Plaintiff Jonathan Burdick.  This document informs Burdick of the need to drastically cut his hours as Web Administrator; describes his compensation rate; commits to continued medical coverage; and expresses the hope that the situation will be short-term.  Viewed most liberally, this exhibit can be deemed a novation  —  a contract containing all the crucial employment terms, and signed by employer and employee.

Count Two recites an alternative claim for breach of an implied contract, which survives dismissal on the grounds of sufficiency of the pleadings.

Defendants point out that a cause of action for breach of good faith and fair dealing, as set forth in Count Three, is not recognized in Ohio in an employment-at-will situation.  Since

Burdick may be able to prove the existence of an employment contract, this Count also survives dismissal.

Clearly, Defendants dispute the facts underlying Plaintiff's termination of employment; but Burdick has stated a claim for wrongful/constructive discharge in Count Four.

Intentional infliction of emotional distress requires a showing of outrageous conduct and severe and debilitating injuries. The allegations have been made, and Plaintiff Burdick has the opportunity, through discovery, to provide the necessary proof to sustain Count Five of his Complaint.

A negligent infliction of emotional distress claim in Ohio involves serious injuries resulting to a bystander who witnesses an accident or dangerous situation. Burdick makes no such allegation in his Complaint and cannot justify an expansion or modification of the existing law. Count Six must fail.

In addition, Burdick alleges in Count Seven that Defendants committed "civil fraud" by "lying" in statements to the Ohio Unemployment Commission. The allegations do not rise to the specificity mandated by the Civil Rules. Assuming they did, the fraud would have been perpetrated upon the governmental agency and Plaintiff has no standing to bring an individual claim. This Count also fails and must be dismissed.

### III. CONCLUSION

Plaintiff, Jonathan Burdick, has not filed an opposition to the dismissal motions filed by all the Defendants. This Court is authorized by Local Rule 7.1(g) to rule on the unopposed

motions.  However, dismissal is not automatic, and will be granted only when Defendants are entitled to judgment as a matter of law.  For the reasons recited above, the Separate Motion to Dismiss on Behalf of Defendant George T. Anthony is granted; and the Motion to Dismiss on Behalf of Defendants Robert Anthony, Magazines of America, LLC and United Readers' Service, Inc., is granted as to Counts Six and Seven of the Complaint and denied as to the remainder of Plaintiff's claims.

**IT IS SO ORDERED.**

**DATE: January 26, 2007**

           **s/Christopher A. Boyko**
           **CHRISTOPHER A. BOYKO**
           **United States District Judge**